PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. FRANCISCO RODRÍGUEZ SÁNCHEZ, Defendant and Appellant.

No. 5487.   Argued June 22, 1934.—Decided June 26, 1934.

A. Reyes Delgado for appellant.   R. A. Gómez, Prosecuting Attorney, and Luis Janer, Assistant Prosecuting Attorney, for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

Francisco Rodríguez Sánchez was charged with the offense against public decency defined in section 260 of the Penal Code. It is claimed that the defendant wilfully and maliciously committed certain lascivious acts to gratify his lust and to arouse passions and sexual desires in Carmen Rodríguez, a girl under the age of fourteen years. Section 260 of the Penal Code in its pertinent part, reads as follows:

"Any person who shall wilfully and lewdly commit any lewd or lascivious act, other than the acts constituting other crimes provided for in the Penal Code, upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or such child, shall be guilty of a felony and shall be imprisoned in the penitentiary not to exceed five years."

The defendant was found guilty by a jury and sentenced by the District Court of Arecibo to one year in the penitentiary. The first error assigned to the lower court is based on the admission in evidence, over the objection of the defendant, of a negative certificate issued by the Secretary-Auditor in charge of the Civil Register of Ciales showing that no record of the birth of María del Carmen Rodríguez, the legitimate daughter of Alfredo Rodríguez and María Zambrana, appears in the registry. Another negative certificate issued by the Municipal Secretary of Jayuya to the effect that no record of the birth of María del Carmen Rodríguez, the legitimate daughter of Alfredo Rodríguez and María Zambrana, existed in the books of the Civil Register of said town, was also admitted over the objection of the defendant.

Both the defendant and the Prosecuting Attorney argue extensively in their briefs from their respective standpoints the probative value of a negative certificate, but we think that it is unnecessary to pass upon this question inasmuch as the

evidence for the prosecution is not sufficient to sustain a verdict of conviction. The age of Carmen Rodríguez has not been clearly shown. We know not if she is under or over fourteen years of age, and in the absence of such proof, it can not be concluded that the defendant violated Section 260 of the Penal Code.

The defendant argues that no question was put to the prosecutrix regarding her birthplace. He adds that only Francisca Rodríguez, in whose house the said girl lived, testified as to the parents of the girl, naming Alfredo Rodríguez and Crispina Sánchez. The answers of the witness to the examination of the prosecuting attorney, follow:

"Q. Who was the father of the girl?
"A. Alfredo Rodríguez.
"Q. And her mother?
"A. Crispina Sánchez.
"Q. Crispina?
"A. María Crispina Sánchez."

This testimony was given before the admission in evidence of the negative certificates of the Civil Registry and of the baptismal certificate. The testimony of Francisca Rodríguez as to who were the parents of Carmen differ from the information given by the baptismal certificate. Francisca states that Carmen is the daughter of Crispina or María Crispina Sánchez, the certificate of baptism states that María del Carmen Rodríguez is the daughter of María Zambrana. The prosecuting attorney offered no evidence to explain the apparent conflict in the proof. If Carmen was the daughter of Crispina Sánchez, the certificate of baptism tends to show the contrary, unless it be proven that the mother of the said girl was known by both names, María Zambrana and Crispina Sánchez. As to the age, it can be proved by other means and not necessarily by the birth certificate issued by the person in charge of the civil registry and by the certificate of baptism but in the instant case the only evidence offered is the certificate of baptism of a girl not duly identified. With such evidence it can

not be concluded that Carmen Rodríguez was under fourteen year of age when the facts set forth in the information took place.

The judgment appealed from must be reversed and the defendant discharged.